IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| BRYAN ANTHONY SOLOMON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:20CV828 |
| | ) | |
| FORSYTH COUNTY SHERIFF'S | ) | |
| DEPARTMENT, et al., | ) | |
| | ) | |
| Defendant(s). | ) | |

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, Bryant Anthony Solomon, submitted a pro se complaint under 42 U.S.C.

§ 1983 and requests permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § l915(a).

The Complaint filed by Plaintiff, a former pretrial detainee at the Forsyth County Detention

Center, names the Forsyth County Sheriff's Department, the healthcare provider at the

Detention Center, and several employees of the Sheriff's Department or the healthcare

provider as Defendants in this action by alleging that they failed to properly put in place and

enforce policies to protect Plaintiff from the Covid-19 virus during his time in the detention

center.  It also names Forsyth County Commissioner Gloria Whisenhunt as a Defendant by

alleging that she failed to appropriate money to implement proper policies or protocols and

testing or to put those policies or protocols into place.

Because Plaintiff is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity," this Court has an obligation to "review" this Complaint. 28 U.S.C. § 1915A(a). "On review, the court shall . . . dismiss the complaint, or any portion of the complaint, if [it] – (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

Applicable here, a plaintiff "fails to state a claim upon which relief may be granted," 28 U.S.C. § 1915A(b)(1), when the complaint does not "contain sufficient *factual matter*, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (emphasis added) (internal citations omitted) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" Id. (quoting Twombly, 550 U.S. at 557). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.[1]

---

[1]Although the Supreme Court has reiterated that "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read Erickson to undermine Twombly's requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal (continued...)

The Court has reviewed the Complaint and concludes that it states claims sufficient to proceed at this time as to most of the Defendants. However, Defendant Whisenhunt should be dismissed from the case because the Complaint fails to state a claim on which relief may be granted as to her.

As stated above, Defendant Whisenhunt is a member of the Forsyth County Board of Commissioners. The Complaint seeks to hold her liable for the situation in the Detention Center by alleging that she failed to see that other Defendants employed properly policies and procedures and by failing to allocate money for that purpose. It is not clear how Defendant Whisenhunt, as a single member of the Board of Commissioners could control the allocation of money. The Complaint certainly sets out no facts support that conclusory assertion. Further, as for controlling the policies and practices of the Detention Center, North Carolina law states that the sheriff of a county, not a county or its board of commissioners, is responsible for final policymaking authority regarding county jails. Cobbs ex rel. Cobbs v. County of Guilford, No. 1:10CV806, 2012 WL 3113141, at *2 (M.D.N.C. July 31, 2012) (unpublished), rec. adopted as modified, 2012 WL 4508106, (M.D.N.C. Sept. 28, 2012) (unpublished). Therefore, neither Forsyth County nor its commissioners can be held liable for the Sheriff's actions at the Detention Center. Id. The Complaint should be dismissed as to Defendant Whisenhunt.

_____

[1](...continued)
quotation marks omitted) (applying Twombly standard in dismissing pro se complaint); accord Atherton v. District of Columbia Off. of Mayor, 567 F.3d 672, 681-82 (D.C. Cir. 2009) ("A *pro se* complaint . . . 'must be held to less stringent standards than formal pleadings drafted by lawyers.' But even a *pro se* complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" (quoting Erickson, 551 U.S. at 94, and Iqbal, 556 U.S. at 697, respectively)).

Because Plaintiff submitted the Complaint and seeks to proceed *in forma pauperis*, § 1915(b)(1) requires that he make an initial payment of $37.83. Failure to comply with this Order will lead to dismissal of the Complaint.

IT IS THEREFORE RECOMMENDED that this action be dismissed pursuant to 28 U.S.C. § 1915A for failing to state a claim upon which relief may be granted as to Defendant Whisenhunt, but allowed to proceed as to the other Defendants.

IT IS ORDERED that *in forma pauperis* status be granted for the sole purpose of entering this Order and Recommendation.

IT IS FURTHER ORDERED that within twenty (20) days from the date of this Order Plaintiff make an initial filing fee payment of $37.83.

IT IS FURTHER ORDERED that Plaintiff's trust officer shall be directed to pay to the Clerk of this Court 20% of all deposits to his account starting with the month of March of 2021, and thereafter each time that the amount in the account exceeds $10.00 until the $350.00 filing fee has been paid.

IT IS FURTHER ORDERED that all payments deducted in relation to this case shall be designated as made in payment of the filing fee for Civil Action No. 1:20CV828, and shall be paid to the Clerk, U.S. District Court for the Middle District of North Carolina. In the event Plaintiff is transferred to another institution, the balance due shall be collected and paid to the Clerk by the custodian at Plaintiff's next institution. A copy of this Order shall be sent to Plaintiff's current custodian.

IT IS FURTHER ORDERED that this action be filed, but that further proceedings and service of summons as to the remaining Defendants be stayed until Plaintiff either (1) submits to the Court the initial payment noted above, or (2) in the alternative submits a motion for relief from the stay, and a statement made under penalty of perjury that he has not had access to any funds for the initial payment noted above for the 20-day period.

FAILURE TO COMPLY WITH THIS ORDER IN A TIMELY MANNER WILL RESULT IN DISMISSAL OF THIS ACTION WITHOUT FURTHER NOTICE TO PLAINTIFF.

This, the 28th day of January, 2021.


_____/s/ L. Patrick Auld_____
**L. Patrick Auld**
**United States Magistrate Judge**